PER CURIAM.
Appellant seeks reversal of judgments of conviction of making and uttering a forgery and sentences imposed thereon.
The primary points raised by appellant relate to his defense of insanity both at the time of the commission of the offenses charged and alleged insanity at the time of trial. Appellant also raises as error the refusal of the trial court to continue the trial so as to enable appellant to produce additional evidence of his alleged insanity.
Appellant places heavy reliance upon an adjudication of incompetency entered in connection with guardianship proceedings in the county judge’s court shortly before the criminal proceedings resulting in the instant convictions. In the civil incompetency proceeding, appellant was adjudicated incompetent by reason of an “anti-social personality” characterized by “extreme poor judgment; poor impulse control; chronic mismanagement of own funds and funds of others”. Such or similar findings do not establish insanity for the purposes of sustaining a defense in a criminal proceeding nor do they establish an impediment to requiring a person charged with the commission of a crime to stand trial. State ex rel. Deeb v. Fabisinski, 111 Fla. 454, 152 So. 207, reh. den. Ill Fla. 454, 156 So. 261; Crews v. State, 143 Fla. 263, 196 So. 590.
We have reviewed the remaining issues raised by appellant, including the venue question, and find that they are without substantial merit.
Accordingly, the judgments reviewed herein are affirmed.
JOHNSON, C. J., and RAWLS and SPECTOR, JJ., concur.